NYGAARD, Circuit Judge,
Concurring and Dissenting.
Although I agree with the Majority’s analysis and conclusions concerning the hourly rate, I would also affirm the District Court with respect to the number of hours worked and the costs expended. Loughner’s attorney submitted twenty-five pages of itemized records specifying the date when the work was performed, the attorney or paralegal involved, the details of the assignment, the amount of time spent, and the hourly rate charged. This documentation provides a sufficient basis upon which to make an award. The Hospital opposed Loughner’s fee petition by simply asserting that the amounts sought were “unreasonable and excessive given the uncomplicated nature of [Loughner’s] wage and overtime claims.” In response to the Hospital’s position, Loughner’s counsel filed a motion to compel production of documents indicating the number of hours expended by defense counsel on this case. The District Court directed Lough-ner to serve interrogatories on the Hospital to enable her to obtain the information. As directed, Loughner’s counsel served the Hospital with four interrogatories regarding the number of hours it expended, its hourly rates, and the costs incurred in defending this action. The Hospital failed to comply and instead objected to each interrogatory.
After receiving the Hospital’s objections, Loughner’s counsel filed a motion for sanctions. As the Majority notes, the Defendants contended that they could not respond because they had consolidated the accounting and billing for all three of Loughner’s actions. The District Court Judge found this response unacceptable: “I’m going to tell you that really surprises me. I was in a law firm for 23 years, and I worked for the same client on a number of different matters, and I could — you always knew how many hours you spent on each matter.... This was a claim for fair labor — this is a claim for — under the— *182 completely different from some of the others, just a back pay matter.” J.A. at 264-65. Based on the non-responsiveness of defense counsel, the Judge concluded “[b]ut if you can’t come up even with a ballpark figure and say we only spend half as many hours as he spent, I have to suggest that — rather, infer that the Defendant spent a lot of hours also; and I’m inclined to accept the number of hours claimed by the Plaintiff....” Id. at 268. This is not unlike the summary judgment context, in which a party cannot simply rely on bare allegations or denials. Thus, in the absence of any evidence to the contrary of what she submitted, the Judge concluded that Loughner’s hours were reasonable. I think this action falls well within the District Court’s considerable discretion.
The Majority argues that the District Court failed to review whether Loughner’s hours were reasonable. I disagree. As indicated above, Judge Standish attempted to gather data in order to assess the reasonableness of the numbers of hours allegedly expended by Loughner’s counsel. However, the Defendants refused to . cooperate. They failed even to attempt to calculate the number of hours they spent on the instant matter, even when directed by the Court to do so. Regardless of the Defendants’ billing system, they ' cannot simply thumb their nose at the Court’s request. When they refused, the District Court merely accepted and deemed admitted the allegations of the Plaintiff. The District Court is accorded wide and considerable discretion in awarding fees. It is in the best position to know the complexity of the issues presented,- and the nature and quality of the work performed by the attorneys. Accordingly, I would defer to the District Court’s finding and affirm.[1]
Defense counsel’s conduct throughout the litigation also supports the District Court’s finding. Loughner’s counsel alleged, and the District Court obviously agreed, that the number of hours he expended in this case was a direct and proximate result of the “trench warfare” employed by the Defendants. It seems that defense counsel played a game of delay and deter. For example, the Defendants failed to allow discovery, which necessitated motions to compel and motions for sanctions.- They unsuccessfully appealed every report and recommendation of the Magistrate Judge. They opposed every procedural motion filed by Loughner, even the most routine. Their flurry of motions, including those to dismiss and for summary judgment, also added to the fee obligations of Loughner. During the hearing in which Loughner sought to compel documents evidencing the number of hours expended by defense counsel, her counsel explained:
I think that what we’re saying is plaintiffs counsel just stood toe-to-toe with the defense in this case. A lot of the hours that were expended here, as Mr. Hoover’s time records show, were related to struggles over discovery and production of documents and so forth. Some of that wound up before magistrate Judge Sensenich. Judge Sensenich offered sanctions in this case. Mr. Hoover said no, that’s fine. We’ll proceed if we can just get the information.
Id. at 218. The Court merely responded to this conduct.
In response to the “trench warfare” of the Defendants, Loughner sought discov *183 ery of the number of hours expended by defense counsel. When the Defendants refused to provide answers, the District Court directed Loughner’s counsel to submit interrogatories to defense counsel. In spite of the court order, the Defendants refused to answer the interrogatories; thus Loughner was forced to file a motion for sanctions. The Court thereafter found that Loughner had met her burden as to the number of hours expended.
Defense counsel’s failure to respond constituted a waiver of its right to challenge the content of Loughner’s affidavits concerning the number of hours spent. And, I believe that the District Court’s conclusion that Loughner sustained her burden as to the reasonableness of the number of hours expended by her counsel is eminently reasonable. The District Court apparently believed Loughner and compensated her attorney for the expensive game of legal “chicken” that he was forced to play by Defendant’s attorneys. In my view, thése findings do not constitute an abuse of discretion.
With respect to Loughner’s counsel’s request for reimbursement of costs in the amount of $2,875.56, the Defendants argued that the request should be denied in its entirety due to a lack of documentation. However, Loughner’s counsel submitted a detailed breakdown of the requested costs and an affidavit as to their reasonableness. Thus, the District Court found that Lough-ner presented an adequate justification for the costs incurred in prosecuting this action. Given the wide latitude of the District Court in this area, I would affirm the award of costs.
Therefore, I respectfully dissent.

. I disagree emphatically with the majority's characterization of the District Court Judge’s explanations as "Draconic.” Maj. Op. at 179. I doubt that either a dragon or the infamous lawgiver of Athens would be comfortable in the presence of the esteemed, learned, and gentle Judge who presided over this matter.